Roger HENRY and ACLIN FORD COMPANY, INC.
v. Faye LANDRETH

73-13                                494 S.W. 2d 114

Opinion delivered May 14, 1973

*Whetstone & Whetstone,* for appellants.

*Hardin & Rickard,* for appellee.

FRANK HOLT, Justice. Appellants admitted liability in this action brought by the appellee to recover for personal injuries sustained by her arising out of an automobile accident in which her car was rear-ended. Her damages, being the only issue at trial, were set at $31,125 by the jury verdict. Appellants have consolidated some points for reversal. The main thrust of their argument is that the court erred in refusing to permit exploration of testimony on cross-examination of witnesses with reference to an undisputed incident involving a self-inflicted gunshot wound by appellee approximately two months before the automobile accident. The court refused to permit appellants to establish this injury was self-inflicted and, also, refused to permit certain other inquiries. We agree with appellants' contention.

On direct examination the appellee, a divorcee, testified that before the automobile accident her medical condition was good and that she was planning to go to work to support her children. In chambers the appellants requested the court's permission, which was denied, to cross-examine the appellee about the episode at the time of the gunshot wound to refute her positive statements with regard to her physical condition. As indicated, it is undisputed that approximately two months before the automobile accident appellee suffered a self-inflicted gunshot wound which was serious enough to warrant hospitalization for approximately 18 days. One of her doctors testified that appellee was asked by him if she had ever suffered a previous injury. Appellee denied to him that she had. This doctor testified further that he was aware of her numerous other medical problems. Her family doctor

said that for the past four years she had experienced ". . .a lot of illness. Several illnesses." The appellants' medical witness testified she specifically reported to him she had suffered no previous accidents or injuries and reported no past illnesses.

Appellants were, also, refused the right to propound questions relative to her asserted instructions to the hospital personnel not to let any one see her hospital records relative to the self-inflicted injury. Appellants were further refused permission to utilize a part of the hospital records, a summary sheet, reflecting the gunshot wound. Appellants were refused in their efforts to show that she was ambulatory and visited in another room on another floor during her hospitilization subsequent to the automobile injury although she had testified she was bedfast and confined to her room.

Certainly the foregoing evidence is contradictory to the appellee's testimony on direct examination. We have long recognized the important significance of cross-examination and the wide latitude which should be permitted the cross-examiner in eliciting any contradictory facts affecting the witness' credibility. *Wilson* v. *Thurston Nat'l. Ins. Co.*, 251 Ark. 929, 475 S.W. 2d 881 (1972). Also, the purpose of cross-examination is to test and sift for the truth of statements made by a witness on direct examination. *Huffman* v. *City of Hot Springs,* 237 Ark. 756, 375 S.W. 2d 795 (1964). In *Washington National Ins. Co.* v. *Meeks,* 249 Ark. 73, 458 S.W. 2d 135 (1970), we stated:

> "We have said that cross-examination is a leading and searching inquiry of a witness for further disclosure touching the particular matters detailed by him in his direct examination, that it serves to sift, modify or explain what has been said in order to develop facts in a view favorable to the crossexaminer, and that its objects include weakening or disproving the case of the adversary, breaking down his testimony in chief, testing his veracity, accuracy and honesty, and exhibiting the improbabilities of his testimony."

We have, also, recognized the wide discretion vested in the trial court to limit cross-examination. However, we have not been hesitant to find a limitation as being unduly restrictive. *Washington National Ins. Co. v. Meeks, supra.* In the case at bar appellants' proposed inquiries were within the proper scope of cross-examination inasmuch as they directly related to appellee's testimony on direct examination and they undeniably had a significant bearing on her credibility as a witness. It is appellants' position that appellee's persistent headaches and pain requiring considerable analgesics and medication were not altogether attributable to her automobile injury since she had suffered from several illnesses the past four years, including the self-inflicted gunshot wound about two months before the present injury for which she seeks damages. Therefore, we feel all of these inquiries should have been allowed and the trial court's refusal to do so was too restrictive. Furthermore, we are in agreement with appellants' assertion that they had the right to ask appellee's medical witness on cross-examination about testifying in previous cases for appellee's attorney.

Appellants, also, contend that the trial court erred in permitting appellee to present her medical bills "in a bundle" without proper authentication. Suffice it to say that it was appellee's burden to show that each of these bills was necessary as a result of the automobile accident rather than from the gunshot wound or any other cause or illness. However, it is unlikely that this asserted error will arise again on retrial.

Another of appellants' contentions for reversal relates to the trial court's alleged error in refusing a requested instruction to the effect that withholding evidence from the jury raises a presumption that the evidence would have been unfavorable. This contention relates to the failure to call her divorced husband as a witness. The argument is made that he was knowledgeable as to her past and present condition. The proffered instruction, however, reads:

"If you find that either party to the suit has withheld any evidence under his control, the law presumes

that such evidence, if introduced, would be against her or him whichever the case might be."

It is true, as appellants assert, that we have approved such an instruction where the litigant or litigants themselves are present in court and do not testify. *Saliba* v. *Saliba,* 178 Ark. 250, 11 S.W. 2d 774 (1928), *Jones* v. *Brown, et al, Trustees,* 242 Ark. 537, 414 S.W. 2d 618 (1967). In the case at bar, on the record before us, we do not think these cases relied upon by appellants are applicable and required giving the proffered instruction.

The judgment is reversed and the cause remanded because of the errors previously indicated.

Reversed and remanded.