Gary Ray BELL *v.* Demetria A. STAFFORD,
Individually and as a Natural Parent and
Next Friend of Cheri STAFFORD, a minor

84-163                                          680 S.W.2d 700

Supreme Court of Arkansas
Opinion delivered December 10, 1984
[Rehearing denied January 14, 1985.]

*Laser, Sharp & Mayes,* for appellant.

198

*Howell, Price & Trice, P.A.,* for appellees.

ROBERT H. DUDLEY, Justice. Appellees, Demetria and Cheri Stafford, filed a tort suit against appellant, Gary Ray Bell, to recover damages for injuries suffered when their automobile was struck from behind by a vehicle driven by appellant on June 21, 1981. A jury awarded Demetria Stafford $40,000 and Cheri Stafford $15,000. The sole issue on appeal is whether the trial court erred in admitting some of the medical bills into evidence. We find error and reverse in part. Jurisdiction is in this court under Rule 29(1)(o).

Demetria and Cheri were initially seen by a family physician, Joe Daugherty, and were hospitalized in Jacksonville. At trial, Dr. Daugherty testified that Demetria's complaints of neck pain, nausea, double vision and tenderness over the rib area coupled with contusions and a fracture of the nose, and Cheri's complaints of neck pain and nausea were consistent with the type of wreck which had occurred. He testified that treatment was necessary and referred them to four medical specialists in the Little Rock area. The appellant does not question the ruling of the trial court that the medical expenses incurred by appellees from Dr. Daugherty and the specialists were both reasonable and necessary.

In October, 1982, sixteen months after the accident, the appellees, without being referred, went to a general practitioner in Malvern, Dr. R. H. White. In April, 1983, Dr. White had Demetria enter the Hot Spring Memorial Hospital for a battery of tests. The hospital charged Demetria for an electrocardiogram, electroencephalogram, colon-barium enema, gallbladder-oral-views-spot, upper GI, ultrasound-gallbladder, IVAC Controller, IVAC Set-up, Colon BA enema, Cholecystrography, oral and other items, amounting to $1,537.80. No medical evidence of the necessity of these charges was offered by appellees. The appellant contends that the ruling of the trial court allowing this bill in evidence was an abuse of discretion. The appellant also takes issue with the trial court's rulings on Demetria's expenses for the office visits to Dr. White, on Demetria's

expenses for dental repairs, and on Cheri's expenses for the office visits to Dr. White.

A party seeking to recover medical expenses in a personal injury case has the burden of proving both the reasonableness and necessity of those expenses. However, expert medical testimony is not essential in every case to prove the reasonableness and necessity of medical expenses. *Roy* v. *Atkins,* 276 Ark. 586, 637 S.W.2d 598 (1982). The trial judge has some discretion in deciding whether a non-expert witness, usually the injured party, has laid a sufficient foundation to testify about reasonableness and causal relationship. *Blissett* v. *Frisby,* 249 Ark. 235, 458 S.W. 2d 735 (1970). Our decisions recognize a distinction between proof of reasonableness and proof of necessity. We have held that evidence of expense incurred in good faith is some evidence that the charges were reasonable. *Blissett* v. *Frisby,* 249 Ark. 235, at 246, 458 S.W.2d 735 (1970). However, evidence of expense incurred alone is not sufficient to show that charges were causally necessary. Yet, the testimony of the injured party alone, in some cases, can provide a sufficient foundation for the introduction of medical expenses incurred. For example, if a litigant suffered a specific injury in an accident and was immediately taken to a hospital emergency room for treatment of only that specific injury, the injured party's testimony would be sufficient to establish the necessity of the medical expense as a result of the accident. However, expert testimony would normally be required to prove the necessity of the expense when, as here, expenses for hospital tests were incurred many months after the accident, none of the physicians in attendance immediately after the accident referred the litigant either to the admitting doctor or to the hospital, and the expenses on their face do not appear to be related to the accident. In this case neither the admitting physician, Dr. White, nor any other medical expert testified that the hospital tests were related to the accident. Appellee Demetria Stafford did not testify that the electrocardiograms, gallbladder studies or intestinal studies bore a causal relationship to the accident. She testified that she was ". . . throwing up, losing weight and passing out" in the spring of 1983. No foundation was laid to establish a causal relationship between the accident and the hospital

expenses. The trial court erred in allowing into evidence the bill from Hot Spring Memorial Hospital to Demetria Stafford in the amount of $1,537.80. Accordingly, we reverse the judgment for Demetria Stafford and remand her case for a new trial.

The appellant also argues that the trial court erred in admitting into evidence a dental bill to Demetria Stafford because the dental work was not proven to be necessary. Demetria Stafford testified that prior to the accident she had no trouble with her teeth but in the course of the accident her face struck the steering wheel and dislocated some of the caps on her teeth and loosened some of her teeth. She testified that she went to the dentist for repair of the specific injuries. The $1,390.00 dental bill shows that it was to "replace bridge on top right crown." In this instance, Demetria Stafford's testimony was sufficient to establish the causal relationship between the accident and the dental bill. The trial judge was correct in admitting the dental bill of Demetria Stafford.

Appellant next contends that the judgment in favor of Cheri Stafford should also be reversed because of erroneous rulings on medical expenses. The appellant specifically argues that the trial court erred in admitting into evidence the bill of Dr. White. Dr. Daugherty testified that immediately after the accident Cheri had pain in the neck and back. He testified that, by the time of trial, she still complained of pain in the back and that she still had "a place on the right side now that's knotted up in the neck." Between the initial treatment by Dr. Daugherty and his examination of her just before trial, Cheri saw Dr. White on four occasions. She testified that she went to him because of pain in the neck and back which had continued from the accident. Dr. White's bills to Cheri are for four office visits. Cheri's testimony, coupled with Dr. Daugherty's testimony, was sufficient to establish a causal relationship between the accident and the visits to Dr. White.

Reversed as to Demetria Stafford; affirmed as to Cheri Stafford.