Lance Lee EGGLESTON *v.* STATE of Arkansas

CA CR 85-124                                    697 S.W.2d 121

Court of Appeals of Arkansas
Opinion delivered October 9, 1985

*Lass & Swain, P.A.*, by: *Ike Allen Laws, Jr.* and *Timothy W. Murdoch*, for appellant.

*Steve Clark*, Att'y Gen., by: *Theodore Holder*, Asst. Att'y Gen., for appellee.

LAWSON CLONINGER, Judge. Appellant was found guilty by the court, sitting as factfinder, of defrauding a secured creditor in violation of Ark. Stat. Ann. § 41-2304 (Repl. 1977). The court assessed punishment at three (3) years suspended imposition of sentence, payment of a $300.00 fine and court costs and an additional $200.00 to be paid to the Victim Relief Fund. Appellant's main argument on appeal is that the court's verdict of guilty is erroneous because the State failed to prove that he acted with the requisite culpable mental state. We agree with appellant and reverse his conviction.

At trial, the evidence established that appellant had been employed as an instructor at South Central Career College from January until August of 1984. During this time, South Central agreed to purchase an automobile for appellant's personal use because appellant had been unable to get one financed otherwise, due to a poor credit history. The automobile was financed with Twin City Bank. Title to the automobile was vested in South Central but the school deducted the amount of the payments from appellant's paycheck and appellant was responsible for all insurance, taxes and licensing fees on the automobile.

Sometime in the latter part of August of 1984, appellant left the employ of South Central because he was involved in the formation of a new school called Micro Tech Institute. On August 21, appellant discussed the matter of the automobile with Fred Ellis, the current owner of South Central. Mr. Ellis testified that appellant asked for two days to get the title to the automobile taken care of, and when Mr. Ellis agreed to this, appellant told him that his accountant would contact Mr. Ellis about the matter. On August 22, Mr. Ellis did receive a telephone call from appellant's accountant and they discussed the automobile problem, but nothing was resolved.

Mr. Ellis left the country on August 23, but he testified that while he was away his staff at the school attempted to contact appellant. When Mr. Ellis returned to Little Rock, he was informed by his staff that they had not been able to locate appellant and that the title to the automobile had not been taken care of. Shortly thereafter, Mr. Ellis had a warrant sworn out for appellant's arrest. He testified that he took this action because appellant had not transferred the title after saying that he would;

because efforts to contact appellant had been unsuccessful; and because appellant had allowed his insurance on the automobile to lapse. Twin City Bank apparently was not involved in the prosecution of this case and no one representing the bank testified at the trial.

Jim McAuley, a certified public accountant, testified that sometime in June or July of 1984, he participated in the formation of Micro Tech Institute with appellant. Mr. McAuley stated that appellant was very concerned about the new school taking over the payments and getting title to the automobile. He said appellant exhibited intentions of paying off the automobile or taking care of the financing.

Paul Johnson, the attorney who incorporated Micro Tech, testified that he also discussed the automobile with appellant and that appellant was concerned about paying it off. He stated that he talked to Mr. Ellis long before appellant was arrested, and informed him that appellant had possession of the automobile and planned to make the payments. According to Mr. Johnson, Mr. Ellis agreed to this then, but later told Mr. Johnson that he would only give them a bill of sale on the automobile if the note was paid off and that otherwise, he would not cooperate.

Mr. Ellis admitted having one conversation with Mr. Johnson but denied being told about the plan to have the new school take over the payments on the automobile. He also denied that Mr. Johnson requested a bill of sale from him.

The trial court found that there was no evidence that appellant intended ultimately to defeat the claims of his creditors. The court also found that the evidence indicated that appellant was having contact with persons at South Central. However, the court found appellant guilty, making the following statements:

> [T]he Court finds that the defendant was treating the property and his business in such a manner that he was acting to hinder the enforcement of a security interest. Now, there is not any evidence that Twin City Bank actually was undertaking to seize this car, either pursuant to a contract of peaceful repossession or any rights that the Twin City Bank, the security holder, had. But, it strikes me that the reason for enacting of this statute was to fix a

greater burden in view of the threat of criminal prosecution or sanctions of criminal prosecution upon someone holding secured property, that there is an affirmative duty to keep someone advised.

Appellant contends on appeal that the trial court erred in finding that he had an affirmative duty to keep South Central advised. He points out that this duty is not set out in the statute. Furthermore, appellant argues that the State failed to prove any action or inaction on his part which resulted in any disposition of the property. Appellant argues that the State failed to prove that he acted with the requisite culpable mental state or with purposeful intent as is required by Ark. Stat. Ann. § 41-2304. Appellant maintains that the effect of the trial court's ruling is to make the offense he was convicted of a strict liability crime for which intent need not be proven.

The State contends that appellant took two actions to hinder the enforcement of a security interest: (1) he failed to take care of the matter in the two days agreed upon by South Central and (2) he allowed the insurance on the automobile to lapse. The State does not specifically address appellant's contention that it failed to prove his culpable mental state.

■■ We agree with appellant's argument that the State failed to prove that he acted with the requisite culpable mental state, and therefore his conviction cannot stand. Ark. Stat. Ann. § 41-2304 provides in pertinent part:

A person commits the offense of defrauding secured creditors if he destroys, removes, cancels, encumbers, transfers or otherwise disposes of property subject to a security interest *with [the] purpose to hinder enforcement of that interest.* (Emphasis added).

Thus, the State was required to prove that appellant acted with the purpose to hinder enforcement of a security interest.

■ Ark. Stat. Ann. § 41-203(1) (Repl. 1977) defines "purposely" as follows: "A person acts purposely with respect to his conduct or a result thereof when it is his conscious object to engage in conduct of that nature or to cause such a result." We do not find proof in the record that appellant took any action with respect to the automobile in question with the conscious object to

hinder the enforcement of a security interest. There was no testimony from any official at Twin City Bank, which was the true security holder in this case. Although there was testimony that appellant could not be located and that he allowed the insurance to lapse on his car, these circumstances alone do not establish appellant's intent to hinder the enforcement of a security interest. The evidence indicates that the only notice of cancellation from the insurance company was sent to South Central because title to the car was in the school's name. We note that the trial court also was not convinced that appellant acted with the requisite intent, as it found that he had no intent to ultimately defeat the claim of any secured party and that he was in contact with the officials at South Central.

█ We have examined the evidence in the light most favorable to the State, *Lunon* v. *State*, 264 Ark. 188, 569 S.W.2d 663 (1978), but we think it inadequate to support appellant's conviction. South Central Career College was not a secured creditor; its only relationship with appellant was contractual. Although appellant was extremely careless in the conduct of his business affairs, there was no action or inaction by him which resulted in a disposition of the automobile or the purposeful hindering of the enforcement of a security interest.

Reversed and dismissed.

CRACRAFT, C.J., and MAYFIELD, J., agree.