Lance EGGLESTON *v.* Fred A. ELLIS, et al.

86-172                                         724 S.W.2d 462

Supreme Court of Arkansas
Opinion delivered March 2, 1987

*Laws, Swain & Murdock, P.A.*, by: *Ike Allen Laws, Jr.* and *Timothy W. Murdock*, for appellant.

*Anderson & Kilpatrick*, by: *Michael E. Aud*, for appellee.

DARRELL HICKMAN, Justice. Lance Eggleston, a former instructor of South Central Career College in Little Rock, sued the college and its president, Fred Ellis, for malicious prosecution. A jury awarded Eggleston $80,000 damages. The trial judge set aside the verdict because Ellis filed criminal charges on the advice of his counsel and a deputy prosecuting attorney. The trial judge was wrong in finding that this issue was undisputed.

On appeal from a judgment n.o.v., we review the evidence with all reasonable inferences deduced therefrom in favor of the party obtaining the original judgment, in this case, in favor of Eggleston. A trial judge may set aside a judgment only if there is no substantial evidence to support the verdict. *Sullivan* v. *Employers Equitable Life Ins. Co.*, 287 Ark. 310, 698 S.W.2d 510 (1985).

The trial judge instructed the jury that it was a defense to a malicious prosecution action that criminal charges were instituted based on the advice of legal counsel after all material facts are fully and fairly presented to counsel. *L. B. Price Mercantile Co.* v. *Cuilla*, 100 Ark. 316, 141 S.W. 194 (1911). Here the appellee had the burden of proving the charges were brought on the advice of counsel. It was not undisputed that all the material facts were fully and fairly related to counsel. We only have the testimony of Fred Ellis, a party to the action, that all

the facts were fully and fairly related to counsel. Neither lawyer was called to testify. It has long been a rule that the testimony of a party to an action, who is interested in the result, will not be regarded as undisputed in determining the legal sufficiency of the evidence. *Hamby* v. *Haskins*, 275 Ark. 385, 630 S.W.2d 37 (1982).

Ellis caused two counts of theft to be brought against Eggleston, theft of a vehicle and master computer disks. The title to the car was in the name of South Central, and payments were made by South Central from money withheld from Eggleston's wages. Eggleston made the down payment and traded in his old car. He also paid the license fee, registration and insurance. Ellis testified that when Eggleston resigned from the college staff, Eggleston agreed to transfer the car's title from the college within 48 hours. Ellis left on a week's trip. Upon his return, he learned that the title had not been transferred. Ellis asked another employee, Randy Long, to conduct an inventory. He found that two computer disks were missing. Ellis said he conferred with the college's attorney, Mark Stodola. He told him the situation about Eggleston's resignation, the situation about the car and the missing disks. Ellis said Stodola told him to try to locate Eggleston. Ellis said he told Randy Long and Dr. Roger Rutten to locate Eggleston, but both were unsuccessful. When Ellis told Stodola the college could not locate Eggleston, Stodola also tried to find him but was unable to do so. Ellis testified that Stodola made an appointment with the deputy prosecuting attorney, Dale Barron, to discuss the situation, and they advised him to file charges. Ellis admits he never tried to call Eggleston or locate him. Ellis' testimony was contradicted by Randy Long, who testified he was never asked to find Eggleston. Dr. Rutten did not testify. Ellis admitted having no evidence that Eggleston stole the disks except that they were missing.

Paul Johnson, a lawyer retained by Eggleston to form a corporation, testified that he had two telephone conversations with Ellis about the car title, one before the charges were filed and one after. Johnson told Ellis the new corporation would refinance the car, and he needed the details on the loan. He said Ellis never inquired of Eggleston's whereabouts nor informed him of the warrants.

Ultimately, the theft charge on the car was dismissed by the municipal judge at a preliminary hearing; the theft charge of the disks was bound over to circuit court. A different charge on the car, defrauding secured creditors, was filed in circuit court. At trial it was learned that the disks were in another instructor's possession. The trial judge convicted Eggleston of defrauding secured creditors but found no criminal intent. On appeal the court of appeals reversed the conviction and dismissed the charges. *Eggleston v. State*, 16 Ark. App. 72, 697 S.W.2d 121 (1985).

The trial court set the verdict aside evidently believing Ellis' version of what counsel was told and that he relied on this advice in filing charges. Considering the conflicts in the testimony and the fact that the jury could disregard Ellis' version of what he told his attorney and the deputy prosecuting attorney, there was a jury question on this issue, and there was substantial evidence to support the jury's verdict, which rejected the defense of advice of counsel. Therefore, the trial court's judgment is reversed and the judgment reinstated.

The appellees argue that if we do not affirm the trial court's judgment setting aside the verdict, a new trial should be granted instead of reinstating the jury verdict. The appellees requested a new trial alternatively in their motion to set aside the jury verdict. As a basis for a new trial, the appellees stated the verdict was against the preponderance of the evidence, and the trial court made specific errors during the trial. The trial court set aside the verdict because the appellees acted on the advice of counsel. No mention was made in the court's order about the verdict being against the preponderance of the evidence. On appeal the appellees argue for a new trial because of specific errors made during the trial.

The appellees argue the trial court gave several instructions to the jury which included the phrase the college "and/or" Fred Ellis. We have sharply criticized the use of the phrase "and/or" because it can be interpreted to be conjunctive or disjunctive, and have decided it has no place in modern practice. *Boren v. Qualls*, 284 Ark. 65, 680 S.W.2d 82 (1984). However, the appellees did not request the liability of the appellees to be considered separately. The appellees did not

request AMI 106 which asks the jury to consider each defendant's cause separately. Therefore, the appellees were not prejudiced by the giving of the instructions. We do not reverse a decision unless prejudicial error is committed. *Christmas* v. *Raley*, 260 Ark. 150, 539 S.W.2d 405 (1976).

The appellees also objected to the trial court giving an instruction which included the words "instituting or continuing," arguing there was evidence that the appellees instituted the charges, but there was no evidence the charges were continued by the appellees. The appellees argue it was the prosecutor and the courts who continued the charges. When we consider the evidence in a light most favorable to the appellant, there was evidence that the appellees "continued" the charges against Eggleston. Therefore, the trial court correctly gave the instruction.

The appellees finally argue the trial court erred in admitting Plaintiff's Exhibit #5, a one page summary of Eggleston's medical bills and the photocopies of those bills. Appellees argue there was no medical testimony that the bills were reasonable, or that the treatment was required due to the appellees' action. The trial judge has discretion in deciding whether a witness has laid a sufficient foundation to testify about reasonableness and causal relationship. *Bell* v. *Stafford*, 284 Ark. 196, 680 S.W.2d 700 (1984). There was medical testimony that the tests were necessary to determine if there was a physical cause for Eggleston's pains. Once this possibility was ruled out, the psychological expenses arose. Eggleston testified that his health deteriorated after the arrest. There was sufficient testimony to establish a causal relationship. We cannot say the trial judge abused his discretion in admitting the evidence.

Reversed and remanded with instructions to reinstate the judgment.

Reversed and remanded.