Marion KAY, Executrix of the Estate of J.D. Kay, Deceased *v.* Peggy MARTIN

89-140                                          777 S.W.2d 859

Supreme Court of Arkansas
Opinion delivered October 16, 1989

*McMillan, Turner & McCorkle*, for appellant.

*Lane, Muse, Arman & Pullen*, for appellee.

DAVID NEWBERN, Justice. Marion Kay, executrix, appeals from a judgment in favor of Peggy Martin for personal injury against the estate of J.D. Kay. The claim arose from an automobile collision. Mr. Kay's estate contends it had to accept a juror it did not want because its last remaining peremptory challenge was used to excuse a juror who should have been excused for cause. It is also argued that a list of medical expenses incurred by Ms. Martin should not have been admitted into evidence because it was not shown that they were necessary. We affirm because we find the estate did not use all its peremptory challenges and because the court did not abuse its discretion in admitting the evidence.

## 1. The jury

During voir dire of the jury panel several jurors stated they had been represented or were related to persons who had been represented by the law firm of which Ms. Martin's lawyer was a member. The court declined to excuse for cause Ms. Hrvatin who stated her husband had been represented by the firm in an insurance settlement ten years earlier. The estate excused Ms. Hrvatin peremptorily as it did Ms. Garrett for whose family the firm had handled a probate matter. The estate thus had one additional peremptory challenge.

The estate asked that Ms. Davis, whose father was being represented by Ms. Martin's lawyer's law firm on a social security claim, be excused for cause. The estate's abstract of the record shows the court said, "I'm going to strike Ms. Davis." The

abstract also shows counsel for the estate said, "I want to note for the record that because of the Court's refusal to strike Ms. Hrvatin, I was obliged to use one of my peremptories which I would have used on the other Lane, Muse, Arman & Pullen clients. Now I am stuck with two of them on the panel."

The estate's abstract does not demonstrate that all of its peremptory challenges were used. The record shows that the court said, "I am going to strike Ms. Davis for cause. . . ." Only Ms. Hrvatin and Ms. Garrett were struck peremptorily by the estate.

We decline to examine the merits of a claim that the court should have excused a juror for cause if all of the peremptory challenges of the party making the claim were not exercised. *Rickett* v. *Hayes*, 256 Ark. 893, 511 S.W.2d 187 (1974); *Mason* v. *Loving*, 251 Ark. 356, 473 S.W.2d 169 (1971).

## 2. The evidence

Ms. Martin's Exhibit 4. was a list of medical expenses she incurred after the date of the collision. Attached to the list were the bills listed, totaling $9,109.90. Ms. Martin testified that each of the bills was related to the accident she said was caused by Mr. Kay. When Ms. Martin's counsel asked that Exhibit 4. be admitted into evidence, counsel for the estate objected on the ground that there had been no showing that the expenses represented were reasonable and necessary. The court withheld its decision on admitting the exhibit until after listening to the recording of the deposition of Ms. Martin's treating physician, Dr. Allen Gocio.

In his deposition, Dr. Gocio spoke of treatment of Ms. Martin antedating the treatment resulting from the accident. He stated that her earlier back and neck problems had been resolved prior to the date of the accident. He saw her the day after the accident and performed tests revealing a cervical strain. Her condition did not improve. She underwent physical therapy but again did not improve, and spinal surgery was performed which resulted in significant improvement, but she still had "mechanical neck pain and severe headaches." She was not allowed to work and was placed on pain medication. The remainder of Dr. Gocio's deposition detailed subsequent treatment including therapy and

medication. He referred to a brain aneurysm she suffered which he felt was unrelated to the accident. He stated his charges of $2,900 were all related to Ms. Martin's cervical condition.

After hearing the deposition testimony of Dr. Gocio, the court admitted Ms. Martin's Exhibit 4. over the estate's objection that there had been no showing that the bills, other than Dr. Gocio's $2,900 charge, were reasonable and necessary. The court stated it would be for the jury to decide. The jury returned a general verdict of $38,000 in Ms. Martin's favor.

■■ When a plaintiff in a personal injury case seeks to recover medical expenses they must be shown to have been reasonable and necessary. In *Bell* v. *Stafford*, 284 Ark. 196, 680 S.W.2d 700 (1985), we discussed the requirement and held that medical testimony was not necessary to prove reasonableness and necessity. The trial judge was said to have discretion in deciding whether the testimony of a non-expert witness, such as the injured party, is sufficient to form a foundation for admitting evidence of the expenses incurred.

The estate cites *Henry* v. *Landreth*, 254 Ark. 483, 494 S.W.2d 114 (1973), in support of its argument that the expenses detailed in Exhibit 4. were not shown to have been necessary. In the *Henry* case, the plaintiff had suffered an injury unrelated to the one upon which the claim was based and presented medical bills in a "bundle." In that case the appellant suggested that the plaintiff had not sustained her burden of showing that each of the bills was made necessary or caused by the incident for which she sought recovery. We did not rule on the issue.

■ Here, Ms. Martin carefully went over each of the bills in Exhibit 4. with her counsel in her direct testimony at the end of which she testified that all were incurred as a result of injuries sustained in the collision. Unlike the evidence in the *Henry* case, it was thus not a "bundle" of bills without individualized explanations, and we hold that Ms. Martin's testimony in conjunction with the testimony of Dr. Gocio was sufficient for us to say that the court did not abuse its discretion in admitting the evidence.

Affirmed.