Neal BYRD and Wanda Byrd *v.* Glenn DARK and
State Farm Mutual Insurance Company

95-164                                     911 S.W.2d 572

Supreme Court of Arkansas
Opinion delivered December 4, 1995

*Epley, Epley & France, Ltd.*, by: *Lewis E. Epley, Jr.,* and *Tim S. Parker,* for appellants.

*Matthews, Sanders, & Sayes,* by: *Margaret M. Newton* and *Gail O. Matthews,* for appellees State Farm Mutual Ins. Co.

*Laser, Sharp, Mayes, Wilson, Bufford & Watts, P.A.,* by: *Brian Allen Brown* and *Richard N. Watts,* for appellee Glenn Dark.

ROBERT L. BROWN, Justice. The issue in this appeal is whether the circuit court erred in setting aside only the damages awarded

as part of a default judgment. Appellants Neal Byrd and Wanda Byrd assert that the circuit court did err for multiple reasons, including lack of authority under Ark. R. Civ. P. 55(c) to rehear the issue of damages, while leaving the default on the issue of liability intact. We agree that the court did not have the authority to set aside the damages award under Rule 55(c), and we reverse and remand.

The facts in this case are gleaned from the complaint filed by the Byrds against appellee Glenn Dark. The complaint alleges that on or about June 15, 1992, Dark, a resident of the State of Mississippi, was driving his pickup truck and hit Neal Byrd's car from the rear. Byrd was stopped at a stop sign at the time in West Helena. On August 31, 1993, the Byrds filed suit against Dark for personal injuries arising out of the accident. The complaint prayed for $300,000 for Neal Byrd's compensatory damages and $50,000 for Wanda Byrd's loss of consortium. Summons was issued to Dark that same date. Dark was served with summons, the complaint, a request for production of documents, and interrogatories on September 14, 1993 . No answer was filed by Dark.

On January 20, 1994, a hearing was held before the circuit court on the damages to be awarded as a result of the default. Dark did not appear. Neal Byrd testified about his injuries, both those that were preexisting and those due to the accident, and his medical record totalling some 300 pages was introduced into evidence. Most of the medical record had nothing to do with the car accident. At the hearing, counsel for the Byrds also introduced a letter from State Farm offering to settle for $1,500 and remarked that State Farm withdrew the offer after the lawsuit was filed. Counsel for the Byrds further advised the court that Neal Byrd's medical expenses were in the range of $5,000 or $6,000. At the conclusion of the hearing, the circuit court entered a default judgment in favor of the Byrds with damages of $200,000 for medical expenses and pain and suffering and $25,000 for loss of consortium.

On March 23, 1994, counsel for the Byrds took Dark's deposition. Dark admitted being served with the lawsuit but stated that he turned the papers over to State Farm's agent in Clarksdale, Mississippi about a week after receipt. On March 28, 1994, counsel for the Byrds wrote State Farm a letter. He related in

that letter that he had spoken to Dark and that Dark told him that he had apprised State Farm of the lawsuit in time to answer. Counsel made demand on State Farm to pay the $225,000 judgment. That letter was received by State Farm on March 30, 1994.

On April 22, 1994, Dark filed a motion to set aside the default judgment on grounds that the damages awarded were excessive. He requested a new hearing on damages. On July 11, 1994, State Farm moved to intervene in the matter. It alleged that default judgment was improper because counsel for the Byrds had misstated the facts surrounding Neal Byrd's injury to the circuit court at the January 20, 1994, hearing. The motion to intervene was granted. On September 22, 1994, Dark supplemented his motion to set aside the default judgment and alleged that the default judgment had been entered based on mistake, fraud, or misrepresentation.

On January 30, 1995, the circuit court entered its order setting aside the award of damages and made the following findings of fact:

1. That the default judgment as to liability is not an issue and the judgment for the plaintiff on the issue of liability will stand regardless of the Court's decision on the issue of damages.

2. The Court finds that the attorney for the plaintiff did not mislead the Court in his presentation of plaintiff's proof for damages.

3. The Court finds that the Court should have given the evidence presented a much more extensive review due to the nature of the proof — that being the fact that plaintiff Neal Byrd, having had other previous injuries and the medical evidence being complicated by this fact.

4. The Court finds that upon a more complete and further review of the evidence herein that the evidence does not support the amount of the judgment and amounts to either a mistake or other reason justifying relief from the operation of the judgment in accordance with Arkansas Rule of Civil Procedure 55(c).

5. The Court finds that the defendant has shown a

meritorious defense to the amount of the judgment in accordance with Rule 55(c).

For these reasons, the judgment is set aside and the Court will rehear and reconsider the amount of the damages.

The central question before this court on appeal is whether Rule 55(c) provides the legal basis for setting aside the damage award, but not the judgment on liability, because of mistake in setting the damages or insufficient evidence. Rule 55(c) reads:

(c) Setting Aside Default Judgments. The court may, upon motion, set aside a default judgment previously entered for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) the judgment is void; (3) fraud, misrepresentation, or other misconduct of an adverse party; or (4) any other reason justifying relief from the operation of the judgment. The party seeking to have the judgment set aside must demonstrate a meritorious defense *to the action*; however, if the judgment is void, no other defense *to the action* need be shown. (Emphasis ours.)

In Arkansas, a default judgment establishes liability but not the extent of damages. *Divelbliss* v. *Suchor*, 311 Ark. 8, 841 S.W.2d 600 (1992); *B&F Engineering* v. *Cotroneo*, 309 Ark. 175, 830 S.W.2d 835 (1992), *quoting* Howard Brill, *Arkansas Law of Damages* § 8-1 (2nd ed. 1990); *Gardner* v. *Robinson*, 42 Ark. App. 90, 854 S.W.2d 356 (1993). In *Divelbliss*, we discussed the propriety of the default and whether it should be set aside under Rule 55(c). We affirmed the trial court's decision not to set the default aside. We then emphasized that in Arkansas, unlike some jurisdictions, a hearing is required after default to establish damages, and the plaintiff must introduce evidence to support damages. We further stated that notice to the defaulting defendant who has never entered an appearance is not required. *See* Ark. R. Civ. P. 55(b). Similarly, in *Cotroneo* we first analyzed whether the default judgment on liability was subject to being set aside under Rule 55(c) due to mistake, inadvertence, surprise, or excusable neglect. We held that it was not, and we then discussed the damages awarded under a standard apart from Rule 55(c). In both of these decisions, the damages were dis-

cussed following our conclusion that the default on liability should not be set aside under the criteria set out in Rule 55(c).

■ In the case before us, the circuit court used Rule 55(c) to vacate the damage award due to the court's mistake in fixing damages. This runs contrary to our decisions involving Rule 55(c), since it was amended in 1990. *See, e.g., Truhe* v. *Grimes*, 318 Ark. 117, 884 S.W.2d 255 (1994); *Maple Leaf Canvas* v. *Rogers*, 311 Ark. 171, 842 S.W.2d 22 (1992); *CMS Jonesboro Rehabilitation, Inc.* v. *Lamb*, 306 Ark. 216, 812 S.W.2d 472 (1991). In each of these cases the issue was whether the default judgment on liability could be set aside because of mistake, inadvertence, surprise or excusable neglect on the part of the defendant — not the circuit court. Indeed, this court is aware of no authority supporting the proposition that a mistake of the circuit court is contemplated under Rule 55(c) as a basis for vacating a default judgment. We conclude that the circuit court erred in using Rule 55(c) as a vehicle to correct its perceived mistake in awarding excessive damages.

■ Furthermore, we do not read Rule 55(c) to authorize a court's vacating a judgment for damages while the judgment on liability stands. Rule 55(c) refers to the cause of action brought and to a meritorious defense to that action. The "mistake" or "excusable neglect" contemplated under its terms refers to mistake or excusable neglect by the defendant in failing to respond to the lawsuit. It does not mean a mistake in the award of damages.

■ Dark, in his brief in this appeal, invokes a circuit court's inherent power to order a remittitur when damages are excessive. This court has recognized an inherent power in the circuit court to reduce damage awards to conform to the established facts. *Morrison* v. *Lowe*, 274 Ark. 358, 625 S.W.2d 452 (1981); *Dierks Lumber & Coal Co.* v. *Noles*, 201 Ark. 1088, 148 S.W.2d 650 (1941); *see also Dickson* v. *Delhi Seed Co.*, 26 Ark. App. 83, 760 S.W.2d 382 (1988). We have also recognized the inherent power of the circuit court to order a remittitur when the punitive damages awarded by a jury are grossly excessive or appear to be the result of passion or prejudice. *See McNair* v. *McNair*, 316 Ark. 299, 870 S.W.2d 756 (1994) (remittitur reversed on punitive damages). However, we have not recognized this

inherent power to extend to correcting a mistake in damages a year after the original judgment was entered. State Farm, in its brief, argues that it has presented a meritorious defense *to the excessive damages* under Rule 55(c). But Rule 55(c) speaks expressly in terms of a meritorious defense *to the action*. State Farm, accordingly, reads into the rule language that is simply not there. In sum, we construe Rule 55(c) to authorize the vacating of default judgments which embrace liability for the alleged cause of action. It does not permit a setting aside of the damage award when liability against the defendant remains fixed and is not in dispute.

■    There is, finally, the issue of two attorneys testifying as expert witnesses for Dark and State Farm in this case on the issue of the excessiveness of the damages awarded. The two attorneys were called as witnesses and gave their opinions with respect to the value of the Byrds' case. We agree with the Byrds that this practice cannot be countenanced and must be discouraged. Attorneys are advocates and their individual experiences in the courtroom do not equip them to speculate on the excessiveness of damages in a particular case. That is a matter for the trier of fact to determine. Though we do not reverse this case based on this testimony by the attorneys, we will entertain this point as grounds for reversal in the future.

■    After briefs were filed in this matter, the Byrds filed a motion seeking to dismiss what they dubbed the appellees' attempted cross appeal and seeking to strike the argument by State Farm and Dark that counsel for the Byrds had misrepresented Neal Byrd's injuries at the hearing on damages. Sanctions were also requested. The Byrds contend that the circuit court found that there was no misrepresentation in its order and that Dark and State Farm did not cross appeal on this point. Though the Byrds are correct, we do not view the references in the appellees briefs as sufficiently egregious to warrant a dismissal, a striking, or sanctions. *See, e.g., Purtle v. McAdams*, 317 Ark. 499, 879 S.W.2d 401 (1994); *Daley v. Boroughs*, 310 Ark. 274, 835 S.W.2d 858 (1992). The motion is denied.

We reverse the order of the circuit court vacating the damage award and calling for a rehearing on damages, and we remand for an order to be entered consistent with this opinion.

Reversed and remanded.

GLAZE, J., not participating.