VOLUNTEER TRANSPORT, INC. *v.* William HOUSE

03-1010                                                           162 S.W.3d 456

Supreme Court of Arkansas
Opinion delivered April 29, 2004

*Mercy, Carter, Tidwell & Elliott, L.L.P.*, by: *W. David Carter*, for appellant.

*Eubanks, Welch, Baker & Schulze*, by: *J. G. "Gerry" Schulze*, for appellee.

BETTY C. DICKEY, Chief Justice. On August 7, 2001, William House, an Arkansas resident, was involved in a motor-vehicle accident in Florida with Volunteer Transport, Inc., a Tennessee corporation. House sued Volunteer Transport in Miller County, Arkansas, and a copy of the complaint and summons was served on Vivian L. Crandall, registered agent and attorney for Volunteer Transport. On that same day, Crandall purportedly sent a letter to House's attorney, Nicholas Patton, acknowledging the receipt of the pleadings and advising that she would forward the same to Volunteer Transport. That letter stated:

> This letter will confirm that we are in receipt of the SUMMONS, PETITION, PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS, PLAINTIFF'S FIRST INTERROGATORIES and REQUEST FOR ADMISSIONS, which were filed in the Circuit County for Miller County, Arkansas, against Volunteer Transport.
>
> We have forwarded the same to Volunteer Transport, Inc., and advised them to transmit these documents to their liability insurance carrier.
>
> In light of these transmissions, we are requesting an extension of time within which to respond. Unless we hear otherwise from you we will assume this is acceptable. We appreciate your consideration and thank you for your attention in this matter. If you have any questions, please do not hesitate to contact my office.

House's attorney never communicated to Crandall that an extension of time to answer was unacceptable; in fact, there was no evidence to indicate that either House's attorney or Volunteer Transport actually received this letter.

On January 3, 2002, House filed a motion for default judgment against Volunteer Transport. On that same day, the trial court in Miller County, in a brief hearing, entered a default judgment against Volunteer Transport in the amount of $4,835,000.00. The default judgment included damages in the amount of $500,000.00 for the "nature, extent and permanency" of House's alleged back injury, $135,000.00 for past and future medical expenses, $2,000,000.00 for past and future pain, suffering, and mental anguish, and $2,200,000.00 for past and future lost earnings. However, there was no expert medical testimony presented and House was the sole witness regarding damages.

On February 4, 2002, Volunteer Transport filed a motion to set aside the default judgment and on October 23, 2002, House moved to strike Volunteer Transport's motion. On November 6, 2002, Volunteer Transport filed a supplemental motion to set aside default judgment and on December 17, 2002, a hearing was held on the motions. The trial court issued a letter opinion on April 3, 2002 and followed with a final order denying Volunteer Transport's motion to set aside the judgment filed on May 14, 2003. Volunteer Transport appeals arguing (1) the trial court erred in finding an Arkansas court could exercise jurisdiction over Volunteer Transport, and (2) the trial court abused its discretion in denying Volunteer Transport's motion to set aside the default judgment.

*Standard of Review*

■■ The standard by which we review the granting of a default judgment and the denial of a motion to set aside the default judgment is whether the trial court abused its discretion. *NCD Healthcare, Ark., Inc., v. W.P. Malone, Inc.*, 350 Ark. 520, 88 S.W.3d 852 (2002); *Southeast Foods, Inc. v. Keener*, 335 Ark. 209, 979 S.W.2d 885 (1998); *Arnold & Arnold v. Williams*, 315 Ark. 632, 870 S.W.2d 365 (1994). Default judgments are not favorites of the law and should be avoided when possible. *B & F Engineering, Inc. v Cotroneo*, 309 Ark. 175, 830 S.W.2d 835 (1992). In fact, the purpose for the 1990 amendment to Ark. R. Civ. P. 55 was to liberalize Arkansas practice regarding default judgments, and the

revised rule reflects a preference for deciding cases on the merits rather than on technicalities. Id.; See Addition to Reporter's Notes to Rule 55, 1990 Amendment. Arkansas R. Civ. P. 55(c) provides that a court may set aside a default judgment previously entered if it finds that the default was due to mistake, inadvertence, surprise, or excusable neglect.

### Jurisdiction

Appellant argues that "House has not satisfied his burden to prove that an Arkansas court may exercise either specific or general personal jurisdiction over Volunteer Transport for claims resulting from the Florida car accident, and accordingly, the default judgment violates the 'traditional notions of fair play and substantial justice' that are fundamental to the due process clause of the Constitution." We disagree.

In *Davis v. St. Johns Health System, Inc.*, 348 Ark. 17, 71 S.W.3d 55 (2002), this court identified two types of personal jurisdiction, general and specific:

> Since *International Shoe*, the Court has had occasion to revisit the personal jurisdiction question. A few of those cases are relevant to our inquiry and have set out further principles governing state court jurisdiction. A nonresident defendant's contacts with a forum state, for example, must be sufficient to cause the defendant to "reasonably anticipate being haled into court there." *Worldwide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). The Court has also identified two types of personal jurisdiction: general and specific. When a cause of action arises out of or is related to a defendant's contacts with the forum state, the exercise of personal jurisdiction is one of specific jurisdiction. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985). However, if the exercise of jurisdiction arises in a case not stemming from the defendant's contacts with the forum state, the exercise of personal jurisdiction is one of general jurisdiction. *Burger King Corp. v. Rudzewicz, supra; Perkins v. Benguet Mining Co.*, 342 U.S. 437 (1952); *International Shoe Co v. Washington, supra.* When general jurisdiction is in question, a defendant may be subject to the forum state's exercise of personal jurisdiction if contacts with the state are continuous, systematic, and substantial. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408 (1984).

Here, the trial court heard evidence that Volunteer Transport trucks were cited for approximately twenty violations for various trucking or traffic incidents in the state of Arkansas as

recently as January 2002. On the Driver/Vehicle Inspection Reports, the officer who completes the report states the specific violation and inquires into the destination of the driver and/or vehicle. The following contacts established "continuous, systematic, and substantial" conduct within the State, where Volunteer Transport's vehicles were cited:

> June 6, 1995, driver cited for duty status record not being current, destination Bentonville;

> September 8, 1995, driver cited for violation of the "10 hour rule," destination Springdale;

> February 12, 1996, driver cited for violation of the "60/70 hour rule," destination Rogers; and,

> October 30, 2001, driver cited for "Axle #4 tire-cut exposing ply and belt material," destination Fayetteville.

█ Furthermore, John Albert, a controller for Volunteer Transport, testified that he "had a computer data base which would have given him information about Volunteer Transport's activities in the State of Arkansas, [but when testifying] he chose instead to rely on his memory to testify that the did not believe that Volunteer Transport did substantial business in the state." Albert could have produced these documents, International Fuel Tax Agreement return and a billing report from its computer system, that would have shown how many customers appellant had in Arkansas; however, he chose to rely solely on his memory and failed to produce the documents. We have said that where relevant evidence is within the control of the party whose interest it would naturally be to produce it, and that party fails to do so without satisfactory explanation, the fact-finder may draw an inference that such evidence would have been unfavorable to that party. *Cox v. Farrell*, 282 Ark. 177, 728 S.W.2d 954 (1987).

█ Jurisdictions differ over the issue of whether an agent, standing alone, allows a forum state to assume general jurisdiction over a nonresident defendant. *Davis*, 348 Ark. at 26. In *Wenche Siemer v. Learjet Acquisition Corp.*, 966 F.2d (5th Cir. 1992), the Fifth Circuit Court of Appeals concluded that an agent for service, by itself, was not enough. *But see Knowlton v. Allied Van Lines, Inc.*, 900 F.2d 1196 (8th Cir. 1990) (nonresident corporation's desig-

nation of agent for service of process in forum state amounted to consent to personal jurisdiction). The instant case differs from *Wenche Siemer* in that, here, as in *Davis*, the trial court found contacts in addition to the presence of an agent for service of process in Arkansas. Thus, we need not decide this issue based solely on the presence of an agent for service in this state. *Davis, supra*. We affirm the trial court on the issue of jurisdiction.

### Motion to Set Aside the Default Judgment

Appellant, next, argues that there was adequate evidence of mistake, inadvertence, surprise or excusable neglect to set aside the default judgment. We disagree.

■ Arkansas Rule of Civil Procedure 55 was amended in 1990 to liberalize Arkansas practice regarding default judgment, and the revised rule reflects a preference for deciding cases on the merits rather than on technicalities. *B & F Engineering, Inc. v. Cotroneo*, 309 Ark. 175, 830 S.W.2d 835 (1992). One of the changes was to make the grant of default judgment under Rule 55(a) discretionary rather than mandatory. *Id*. The comments to Rule 55 also provide that:

> In deciding whether to enter a default judgment, the court should take into account the factors utilized by the federal courts, including: whether the default is largely technical and the defendant is now ready to defend; whether the plaintiff has been prejudiced by the defendant's delay in responding; and whether the court would later set aside the default judgment under Rule 55(c).

*Southern Transit Co. v. Collums*, 333 Ark. 170, 966 S.W.2d 906 (1998).

■■ Appellant argues that its failure to answer the House complaint was clearly the product of mistake, surprise, and/or excusable neglect for two reasons: Volunteer Transport's registered agent was under the belief that she had an extension of time, and that Volunteer Transport never received the summons and complaint. According to appellant, the default is purely technical and it has indicated it is immediately ready to defend the case. This court has held that failure to attend to business is not excusable neglect. *Maple Leaf Canvas, Inc. v. Rogers*, 311 Ark. 171, 842, S.W.2d 22 (1992). Here, Volunteer Transport had ample to time to respond to the complaint and failed to do so. We affirm the trial court on the issue of default judgment.

## Damages

██ ██ After a default judgment has been entered, the plaintiff is required to introduce evidence of damages. A defaulted defendant may challenge on appeal the sufficiency of the evidence to support the amount of damages awarded. *Jean-Pierre v. Plantation Homes*, 350 Ark. 569, 89 S.W.3d 337 (2002). Here, the only evidence offered to prove the nature, extent, and permanency of appellee's injury was his own self-serving hearsay testimony. Based on this limited testimony, the trial court granted House $4,835,000.00, which included $500,000.00 for the "nature, extent and permanency" of House's alleged back injury, $135,000.00 for past and future medical expenses, $2,000,000.00 for past and future pain, suffering, and mental anguish, and $2,200,000.00 for past and future lost earnings. We reverse and remand for further proceedings on this point.

██ In Arkansas, a default judgment establishes liability but not the extent of damages. *Byrd v. Dark*, 322 Ark. 640, 911 S.W.2d 572 (1995); *Divelbliss v. Suchor*, 311 Ark. 8, 841 S.W.2d 600 (1992); *B&F Engineering v. Cotroneo, supra.* In *Divelbliss*, we discussed the propriety of the default and whether it should be set aside under Rule 55(c) and affirmed the trial court's decision not to set the default aside. We then emphasized that in Arkansas, unlike some jurisdictions, a hearing is required after default to establish damages, and the plaintiff must introduce evidence to support damages. *Byrd, supra.*

██ ██ Evidence of future pain and suffering and permanent disability must be established with reasonable certainty and must not be left up to speculation or conjecture on the part of the jury. *Handy Dan Home, Imp. Ctr. Inc., v. Peters*, 286 Ark. 102, 689 S.W.2d 551 (1985); *Welter v. Curry*, 260 Ark. 287, 539 S.W.2d 264 (1976); *McCord v. Bailey and Mills*, 195 Ark. 862, 114 S.W.2d 840 (1938). In this case, the trial court had insufficient evidence to support an award for the nature, extent, and permanency of House's injury. There was neither expert testimony nor other objective lay testimony offered to corroborate or rebut these facts presented to the trial court.

In *Henry & Aclin Ford v. Landreth*, 254 Ark. 483, 494 S.W.2d 114 (1973), this court stated that "the trial court erred in permitting appellee to present her medical bills "in a bundle" without proper authentication. Suffice it to say that it was appellee's burden

to show that each of these bills was necessary as a result of the automobile accident rather than from the gunshot wound or any other cause or illness." *Id.* In the *Henry* case, the plaintiff had suffered an injury unrelated to the one upon which the claim was based and presented medical bills in a "bundle." In that case the appellant suggested that the plaintiff had not sustained her burden of showing that each of the bills was made necessary or caused by the incident for which she sought recovery. *Id.* We did not rule on the issue.

■■■ As this court pointed out in *Bell v. Stafford*, 284 Ark. 196, 680 S.W.2d 700 (1984), a party seeking to recover medical expenses in a personal-injury case has the burden of proving both the reasonableness and the necessity of those expenses. However, expert medical testimony is not essential in every case to prove the reasonableness and necessity of medical expenses. *Shelter Mutual Insurance Co. v. Tucker*, 295 Ark. 260, 748 S.W.2d 136 (1988). We added further in *Bell* that the testimony of the injured party alone, in some cases, can provide a sufficient foundation for the introduction of medical expenses incurred. *Id.* 295 Ark. 264; *see also Eggleston v. Ellis*, 291 Ark. 317, 724 S.W.2d 462 (1987). We have also held that, while not controlling, evidence of expense incurred is some evidence of reasonableness. *Id.*; *Blissett v. Frisby*, 249 Ark. 235, 458 S.W.2d 735 (1970).

■ In the cases cited above, the issue on appeal was the admissibility of medical bills and whether the plaintiff laid a sufficient foundation to establish a casual relationship between the accident and those medical expenses claimed by the plaintiff. In this default-judgment case, there was no testimony specifically regarding the medical bills or the summary. There was no proof that each expense was necessary or related to the accident with Volunteer Transport. Furthermore, the record is silent as to how the trial court arrived at the damage amounts. Therefore, we reverse and remand this matter for a hearing on damages.

Affirmed in part; reversed and remanded in part.

GLAZE, J., concurs on the issue of jurisdiction, but would reach the question as to whether jurisdiction can be based solely on the presence of an agent for service of process being established in Arkansas.