GEORGE CHECK v. JOYCE MEREDITH ET AL

5-4374                                                   420 S. W. 2d 866

Opinion delivered November 20, 1967

*House, Holmes & Jewell,* for appellant.

*Cockrill, Laser, McGehee, Sharp & Boswell,* for appellees.

GEORGE ROSE SMITH, Justice. Two of the appellees, Joyce and Robert Meredith, were injured in a traffic accident involving their mother's car, in which they were riding, and a car being driven by the appellant. This action for personal injuries and property damage was brought by Joyce, by Mrs. Meredith as the next friend of Robert, a minor, and by Mrs. Meredith in her own right. The jury returned verdicts of $6,000 for Joyce, $3,500 for Robert, and $1,500 for Mrs. Meredith. For reversal the appellant questions the court's instructions to the jury and the amount of the awards.

We think the court erred in instructing the jury that Joyce was entitled to recover the present value of any earnings reasonably certain to be lost in the future. AMI 2201 and 2206. At the time of the accident Joyce was working in Little Rock at a salary of $200 a month. Her injuries disabled her for several months. At the time of the trial, almost two years after the collision, she was employed at a salary of $250 a month, with guaranteed raises in amounts not shown by the testimony.

The trouble is that although there is proof that Joyce may have suffered a loss of *earning capacity,* AMI 2207, there is no evidence to assist the jury in fixing the amount, in dollars and cents, of *earnings* reasonably certain to be lost in the future. Dr. Murphy estimated that Joyce's cervical spinal injuries had resulted in a permanent disability of 5 percent to the body as a whole. Joyce had been back at work for more than a year before the trial. She testified that she experienced dif-

ficulty in working, in that "about the middle of the day my neck will start hurting and I'll have to stop my work and rest for a period of time in order that it would stop hurting, and I can go back to work." Her statement that her employer understood her condition doubtless implied that he was willing to make allowances for her inability to work steadily all day.

Where there is proof that the plaintiff, at the time of the trial, is still unable to work or is unable to earn as much as he did before he was injured, an instruction upon the loss of future earnings is proper. *Holland* v. *Ratliff*, 238 Ark. 819, 384 S. W. 2d 950 (1964) ; *Abraham* v. *Jones*, 228 Ark. 717, 310 S. W. 2d 488 (1958). Here that essential proof is absent. There is no indication that Joyce missed even a day's work for some fourteen months immediately preceding the trial. No witness testified that it was either probable or possible that she would be unable to continue working regularly. Hence the jury had no basis, except pure guesswork, for estimating earnings reasonably certain to be lost in the future. The judgment in favor of Joyce must be reversed.

We find no error in the court's refusal to give AMI 2214 in its entirety. That instruction would have told the jury that it is an injured person's duty (a) to determine whether medical treatment is needed, (b) to obtain medical treatment, and (c) to follow the instructions of his physician. There was some testimony pertinent to element (c): The orthopedists who testified thought that both Joyce and Robert should have followed their instructions to the letter instead of going to a chiropractor for treatment. But even with respect to that element the proof does not disclose to what extent their failure to follow instructions resulted in an enhancement of their damages. Moreover, there is no proof touching upon elements (a) and (b) in the requested instruction. In the circumstances the court correctly refused to give the charge.

The verdicts in favor of Robert and his mother were not excessive. Robert suffered a permanent disability of at least 5 percent to the body as a whole. At the time of the trial he was still suffering pain, almost two years after the accident. He attributed to the accident a blurring of his eyesight that seriously interfered with his studies and with his efforts to become an architectural engineer. Far from being excessive, Robert's award of $3,500 seems to us to be rather modest.

With respect to Mrs. Meredith the state of the record is rather odd. She sued for medical expenses incurred by her for both children and for damages to her car. It was stipulated that Robert's medical expenses amounted to $710.27, that Joyce's amounted to $682.55, and that the damage to the car was $600.00. The court, however, included the children's medical expenses as items of damage in AMI 2201—which was properly given twice, once for Joyce and once for Robert.

There was no instruction whatever with respect to Mrs. Meredith's measure of damages, either for the medical expenses or for the car. Nevertheless the court apparently gave the jury a separate form of verdict for each of the three plaintiffs. There was no objection by the defendant either to the court's failure to give AMI 2201 with regard to Mrs. Meredith's damages or to the submission of a form of verdict in her favor. In view of these facts we cannot say that the appellant sufficiently preserved his record to be in a position to question the amount of Mrs. Meredith's recovery. We should add, however, that upon the merits of this issue we do not consider the verdict to be excessive.

Affirmed as to Robert and his mother; reversed as to Joyce.

BYRD, J., dissents as to the reversal.