## Cecil SMITH v. Loleta GOBLE et al

5-5169                                        452 S. W. 2d 336

Opinion delivered March 30, 1970
[Rehearing denied May 4, 1970.]

*Lightle & Tedder,* for appellant.

*Wright, Lindsey & Jennings,* for appellee Ford Motor Co.; *Barker, Henry, Thurman, McCaskill & Amsler,* for White Motor Co.

Conley Byrd, Justice. This multiparty products liability litigation grew out of a collision in appellant Cecil Smith's lane of travel that occurred when a Ford Falcon driven by appellee Loleta Goble crossed the center line and struck the pickup truck being driven by Smith.

Smith and his wife, a passenger, initiated this litigation against Loleta Goble based on negligence. Mrs. Goble's answer contained a plea that as to her the collision was unavoidable due to a latent defect in her vehicle's braking mechanism. By a third party complaint Mrs. Goble, her husband and her passengers sought damages against appellee Ford Motor Company and appellee White County Motor Company. Mrs. Goble alleged that she had purchased the 1966 Ford Falcon from White County Motor Company on February 7, 1967, and that on February 21, 1967, while driving in the south bound lane on Highway No. 67, she approached a slower moving vehicle in her lane; that when she applied her brakes to slow down the brakes grabbed, causing her vehicle to swerve into the path of the Smith vehicle; and that the cause of the collision and resulting damages was a defective braking system, unknown to her, which defect, damages and injuries were the fault of negligence, breach of warranty and responsibility of Ford Motor Company and White County Motor Company jointly and severally. Appellant Smith and his wife amended their complaint to also ask for damages against White County Motor Company and Ford Motor Company.

After all parties had rested, the trial court directed a verdict in favor of White County Motor Company. The jury found in favor of Ford Motor Company, but returned a verdict for the Smiths against Mrs. Goble. Mr. Cecil Smith is the only appellant here. For reversal he relies upon the following points:

"I.  The Court erred in requiring the plaintiff to share jury strikes with the original defendant.

II.  The court erred in refusing to give instruction on comparative negligence, as between the respective defendants.

III.  The court erred in refusing to direct a verdict against Ford Motor Company on the existence of a breach of express warranty.

IV.  The court erred in giving instruction No. 40.

V. The lower court erred in permitting dismissal of the complaint against White County Motor Company."

POINT I: The trial court required the Smiths to share their three peremptory challenges, Ark. Stat. Ann. § 39-229 (Repl. 1962), with Mrs. Goble, her husband and the passengers in her car. In *Utley* v. *Heckinger,* 235 Ark. 780, 362 S. W. 2d 13 (1962), we pointed out that in multiparty litigation the parties must be arranged into two groups and each group allowed to exercise three challenges, Ark. Stat. Ann. § 39-231 (Repl. 1962). We can find no abuse of the trial court's discretion in this instance.

POINT II: The trial court gave the following portion of AMI 501:

"The law frequently uses the expression 'proximate cause,' with which you may not be familiar. When I use the expression 'proximate cause,' I mean a cause which, in a natural and continuous sequence, produces damage and without which the damage would not have occurred."

However the trial court, over the objection of all parties, refused to give the bracketed portion that provides:

"[This does not mean that the law recognizes only one proximate cause of damage. To the contrary, if two or more causes work together to produce damage, then you may find that each of them was a proximate cause.]"

The trial court gave instruction No. 14 as follows: "You are instructed that if you find from the evidence that there was a defect in the hydraulic braking system of the Ford Falcon driven by Loleta Goble and that the defect existed at the time the automobile left the hands of the Ford Motor Company, and that the automobile was operated and

used properly in its intended manner and that the defect caused damages and injuries to the plaintiffs, or any of them, the Ford Motor Company would be liable for the damages sustained as a result thereof."

Without objection from appellant, the trial court gave instruction No. 15 as follows:

". . . If you find that a defect in the hydraulic braking system of the Falcon was the proximate cause of the accident, then Mrs. Goble would not be liable for the injuries to any party to this action. . . ."

Assuming, without deciding, that the trial court erred in failing to give the bracketed portion of AMI 501, still we find that any cause for complaint that appellant may have had was rendered harmless by the other instructions given and the verdict returned by the jury. As we read the instructions, the jury had to find that the brake was not defective or if defective, the defect was not a proximate cause of the collision before it could find in favor of Ford Motor Company and against Loleta Goble. Thus when the jury found in favor of Ford and against Goble its finding rendered harmless any alleged error with respect to the bracketed portion of AMI 501.

POINT III: Appellant moved for a directed verdict on the breach of an express warranty upon the basis that Ford Motor Company's expert Mr. Frey testified that a braking system properly manufactured would not pull to either side. However, even if we assume that appellant is in a position to take advantage of the express warranty, the trial court properly denied the motion for a directed verdict with respect to a breach of the express warranty because of other testimony that there was no defect in the braking system.

POINT IV: Instruction No. 40 given by the court stated:

"The fact that a collision involving a Ford Falcon occurred is not in itself evidence of any fault or liability on the part of anyone."

Appellant now argues that this instruction is repetitious and amounts to an overemphasis of the burden of proof covered by other instructions and also that the instruction is similar to the unavoidable casualty intruction. Appellant's only objection in the trial court was: "Let the record show the original plaintiff objects to the giving of instruction No. 40 generally and specifically, for the reason that it is not applicable to this case." The objections here made are raised for the first time on appeal and for that reason are not considered.

POINT V: *Directed Verdict in Favor of White County Motor Company.*

When White County Motor Company was sued, it vouched in Ford Motor Company pursuant to the Uniform Commercial Code, Ark. Stat. Ann. Sec. 85-2-607(5) (Supp. 1969). The only proof with respect to White County Motor Company occurred during cross-examination of witness Alvin Doyle Jr., an expert appearing on behalf of the Smiths and the Gobles. On cross-examination by counsel for Ford Motor Company the following occurred:

"Q. What is the effect of a vehicle standing idle for eight to nine months?

A. Not very good.

Q. What will happen?

A. Lots of things can happen; it is better to use a vehicle than it is to sit idle; I think that is common knowledge, but just what will happen, I don't know, because I haven't run any particular tests, but I think it is

common knowledge to drive one is better than to set it up.

Q. As an automobile mechanic, do you know what will happen in brake wheel cylinders—

A. They have been known to stick, freeze up and seize up; I've seen it happen from sitting up, and I've seen others sit up five and six years and not a thing happen; so, it's a rather unpredictable arrangement.

Q. You have seen some that had corrosion after they stayed up several months?

A. Not several months, no sir; it is not uncommon to sit up a car several months; I have several times set mine up several months while I traveled abroad, and I have never had any trouble with it from corrosion, or anything of that kind."

On cross-examination by counsel for White County Motor Company, Mr. Doyle stated that the defects he found could not have been discovered in making a regular inspection of the automobile; probably the only way the defects could have been discovered would be by disassembling the cylinder and entire braking system on the right front; and that to find that the primary piston was not coated properly one would have to disassemble the cylinder.

Any error the court may have committed in dismissing White County Motor Company is now harmless and does not constitute reversible error. The evidence, above, is not sufficient to show any negligence on the part of White County Motor Company. See 8 Am. Jur. 2d *Automobiles* § 650 and 60 C. J. S. *Motor Vehicles* § 165(5). Furthermore, since the jury has exonerated Ford Motor Company for an alleged manufacturing defect that appellant's expert witness admits was latent and could not have been discovered without

a complete disassembly of the right front wheel brake, appellant is now estopped to complain against White County Motor Company on a derivative liability upon the theory of an implied warranty. See *Davis* v. *Perryman*, 225 Ark. 963, 286 S. W. 2d 844 (1956).

Affirmed.