William J. DUNCAN *v.* Roger M. FOSTER &
UNITED STATES FIRE INSURANCE
COMPANY

80-259                                          609 S.W. 2d 62
Supreme Court of Arkansas
Opinion delivered December 22, 1980

*Richard J. Orintas*, for appellant.

*Barber, McCaskill, Amsler, Jones & Hale*, for appellees.

DARRELL HICKMAN, Justice. This is an appeal of a personal injury lawsuit from Pulaski County Circuit Court. William J. Duncan sued Roger M. Foster and United States Fire Insurance Company for injuries which Duncan suffered as a result of an automobile accident July 1, 1977. The accident occurred on Geyer Springs Road in Little Rock, Arkansas. This case was tried before the trial court sitting without a jury. At the time of the accident, Foster was an employee of the State of Arkansas which is the reason that United States Fire Insurance Company is a joined defendant. After hearing the evidence, the court entered specific findings of monetary damages of $20,000.00. The damages were reduced by 30% when the court found that Foster was 70% at fault and Duncan was 30%.

On appeal five arguments are raised. All arguments concern the court's discretion and the weight of the evidence. On appeal of such a case, this court looks to see whether the findings were clearly erroneous. Rules of Civil Procedure, Rule 52. After reviewing the record in this case we cannot say that the trial court was clearly erroneous in any of its findings. We affirm the judgment.

First, it is argued that the court should have found damages because Duncan had to hire an employee in his

business. Duncan was in the business of cutting and removing trees. He began operating his own company in March of 1977, and he testified as to his gross and net income in 1977 and his gross and net income for 1978. The percentage between gross and net income for those years was about the same. However, in 1978 his net income increased by $14,000.00. He offered no evidence of what his past earnings were. He said that the employee cost him $12,900.00 from July, 1977, until, March, 1979. The court was unconvinced that the employee was necessary. It was not clear whether the addition of the employee was related to the injury, or whether Duncan would have employed the extra help anyway. Duncan had suffered a knee injury which bothered him before the accident in question. In fact, he had complained that he was having difficulty climbing trees and this was an integral part of his job. Duncan conceded that age made the job more difficult. There was some medical testimony that Duncan could have, in fact, perhaps done more after the accident than he did. In view of this evidence, we cannot say the trial court was clearly wrong.

The second argument is that the court was wrong in apportioning the negligence. Duncan was proceeding south on Geyer Springs Road which has four lanes of traffic and Foster cut across in front of him. The trial court observed in its detailed findings, "Mr. Duncan had the right of way but the mere fact you have the right of way on a street or highway doesn't give you the right to just be blind to everything that is going on around you." He indicated that Mr. Duncan may not have been keeping a proper lookout. Furthermore, there was a question of speed. Certainly we could not substitute our judgment for that of the trial court in view of the testimony we could not say the court was clearly wrong.

The third argument is that the court should have compensated Duncan for loss of earning capacity for future income. This would have required speculation on the part of the court. Duncan's orthopedic surgeon testified that some people in Duncan's position could work and some could not. It was a question of tolerance of pain. There was no evidence at all that Duncan's earning capacity would be diminished. The only evidence offered was the amount of income and ex-

penses for 1977 and 1978; those figures showed an increase not decrease in earnings. Consequently, we cannot say the trial court was clearly wrong.

The fourth argument is that the court did not compensate Duncan for past, present, and future pain and suffering. The court made a finding that pain and suffering would be $7,500.00 of the $20,000.00 award. The court observed that there was evidence of a pre-existing degenerative disc and that Mr. Duncan obviously had a mental problem in relation to the accident. Furthermore, there was the question of a previous knee injury. We cannot say the award was clearly wrong.

Finally, Duncan argues that there was no award for future medical expenses. The orthopedic surgeon was convinced that part of the problem was mental, which is not unusual in such cases. In fact, Duncan sought the services of a psychologist in connection with his recovery. The orthopedic surgeon flatly testified that he could not determine the amount of medical care and expense that Duncan would have to incur in the future. An award for damages cannot be made on the basis of speculation. *Christmas* v. *Raley*, 260 Ark. 150, 539 S.W. 2d 405 (1976). Consequently, this argument has no merit.

Affirmed.

PURTLE, J., not participating.