Howard DAVIS, Jr., and Mapco Gas Products Company *v.* Harry Clinnon DAVIS

93-4                                                    856 S.W.2d 284

Supreme Court of Arkansas
Opinion delivered June 21, 1993

*Wright, Lindsey & Jennings*, for appellant.

*J. R. Nash*, for appellee.

ROBERT L. BROWN, Justice. The appellants, Howard Davis, Jr., and Mapco Gas Products Company, appeal a verdict and judgment in favor of the appellee, Harry Clinnon Davis, in the amount of $175,000. They assert several errors of law committed by the trial court and urge, in addition, that the damages were excessive and the evidence insufficient. The arguments are meritless, and we affirm.

On the morning of January 24, 1989, appellee Davis and his friend, William Scott, Jr., were going fishing. Davis was driving his pickup truck on Harper Road in southeast Pulaski County, and as he neared a bridge over Fourche Creek, he saw a truck approaching. That vehicle, owned by appellant Mapco, was driven by appellant Davis.

The bridge was too narrow to allow both vehicles to pass at the same time, and what happened next was disputed by the parties. According to appellee Davis, when he realized that the bridge would not accommodate both vehicles, he pulled off on the right side of the road a distance of two or more car lengths back from the bridge. He had nearly come to a complete stop when the accident occurred. Because the bridge was narrower than the roadway, the Mapco truck was in the middle of the road after crossing the bridge. According to appellee Davis, as the truck moved over toward the right side of the road, the truck's rear fender caught the left front end of his pickup. Appellee Davis stated that he was thrown against the steering wheel and suffered a blow to his sternum.

In the Mapco version, the road and bridge bore patches of ice. Appellant Davis averred that he was driving three miles an hour across the bridge when he saw appellee Davis speeding toward him. Appellant Davis testified that the appellee lost control of his vehicle, straightened his pickup truck out, went to

the edge of a ditch, lost control again, and hit the Mapco truck.

The investigating officer, Byron McWhirter, testified that it had been raining that morning and that there were no skid marks. He observed that the Mapco truck was pointing straight east and west in accordance with the direction of the road while the appellee's vehicle had stopped at a northward angle with its front end across the center line.

Appellee Davis filed suit against Mapco and appellant Davis, alleging negligence against Davis, who was acting within the scope of his employment at the time of the accident. The appellee first claimed damages of $50,000. The appellants denied that they were negligent and counterclaimed for property damages in the amount of $3,500. Later, the appellee amended his complaint and requested $150,000 in damages.

At the trial, appellee Davis testified that before the accident his average monthly income derived from painting, roofing, and sheetrock work was "a little bit better than $2,000." Others testified that Davis's income was less than $2,000 per month but no one testified that it was less than $1,200 per month. The jury returned a general verdict in favor of the appellee for $175,000 and against the appellants on their counterclaim. Judgment was entered, and the appellants filed a motion for a new trial, which was denied.

## I. INSTRUCTIONS TO THE JURY.

The appellants contend that the trial court erred in giving three instructions to the jury. First, they argue that the court instructed the jury wrongly on the measure of damages to be awarded. Two variants of the elements of damages to be considered in AMI 2202 are:

> B. The nature, extent, duration, and permanency of any injury.

> C. The nature, extent, and duration of any injury and whether it is temporary or permanent.

The trial court inserted clause B, which, the AMI Note states, should be used when the permanency of injury is undisputed. The appellants maintain, however, that clause C should have been employed, since permanency was disputed.

The appellants do concede that appellee Davis's treating physician, Dr. Greg Farque, viewed his patient's chest injury as "permanent." They point out, however, that on cross-examination the doctor admitted that he made "no objective findings, except tenderness in the sternum area," and that his conclusion was based on what the appellee had told him. The appellants also point to medical records introduced at trial which established that the appellee had been examined for chest pains at the University Hospital in Little Rock on four occasions before the accident. One of the documents revealed that the appellee stated to his examining doctor in 1988 that he had experienced chest muscle pain for eight or nine years.

Appellee Davis answers the argument by underscoring that the appellants offered no actual evidence that the injury was temporary. On the contrary, he points to Dr. Farque's testimony: "I have to say at this point, just based on the time that it's gone on, that it would be permanent." He also opined that the blow to the appellee's chest "[c]ertainly caused exacerbation and greater severity of his symptoms" and that one "would expect it to get worse with age."

Instructions should be based on the evidence in the case, and instructions stating only abstract legal propositions or referencing matters on which there is no evidence should not be used. *Newman* v. *Crawford Constr. Co.*, 303 Ark. 641, 799 S.W.2d 531 (1990); *Riddell* v. *Little*, 253 Ark. 686, 488 S.W.2d 34 (1972). As there was no evidence presented to the effect that the appellee's injury was temporary, the trial court did not err in giving AMI 2202(B).

The appellants next argue that the trial court erred in giving only the first paragraph of AMI 501 on proximate cause. That instruction reads in full as follows:

The law frequently uses the expression "proximate cause," with which you may not be familiar. When I use the expression "proximate cause," I mean a cause which, in a natural and continuous sequence, produces damage and without which the damage would not have occurred.

[This does not mean that the law recognizes only one proximate cause of damage. To the contrary, if two or more

causes work together to produce damage, then you may find that each of them was a proximate cause.]

The appellants correctly state that it is error to exclude the second paragraph of AMI 501 when there is evidence that an injury may have resulted from two or more concurrent causes. *See Blythe* v. *Byrd*, 251 Ark. 363, 472 S.W.2d 717 (1971). Moreover, we have recently held that we will presume prejudice from the giving of an erroneous instruction, but that the error may be rendered harmless by other factors in the case. *Skinner* v. *R.J. Griffin & Co.*, 313 Ark. 430, 855 S.W.2d 913 (1993).

In the present case, there was some evidence that appellee Davis participated in causing the car wreck. Specifically, appellant Davis testified to that effect. For that reason, the trial judge should have given the second paragraph of AMI 501. However, he did give the comparative fault instruction, AMI 2105, which contemplates comparing two causes of an accident and the negligence associated with each cause. In doing so, he rendered harmless any error committed by failing to give the second paragraph of AMI 501. *See Smith* v. *Goble*, 248 Ark. 415, 452 S.W.2d 336 (1970).

For their third point, the appellants assert error in the trial court's giving of AMI 2206, which pertains to loss of future earnings. The basis for the argument is that the evidence presented by appellee Davis on future earnings was speculative and not sustained by sufficient proof.

The appellants cite *Swenson* v. *Hampton*, 244 Ark. 104, 424 S.W.2d 165 (1968) and *Check* v. *Meredith*, 243 Ark. 498, 420 S.W.2d 866 (1967), which stand for the proposition that losses must be shown with reasonable certainty. They contend that the appellee failed to produce any concrete evidence to prove what his earnings in the past had been. The fact that the appellee had no records of his earnings because his house burned about a year after the accident enhances the speculative nature of the proof, according to the appellants.

We disagree. Appellee Davis was 39 years old at the time of the accident with a reasonable life expectancy. The appellee, his former employer, Dr. Dale Cowling, and his wife, Alpha Louise Davis, were all able to provide reasonably consistent testimony

regarding the appellee's past earnings. Appellee Davis estimated that his average income during the ten years when he worked for Dr. Cowling was $500 per week. He also stated that after the accident he was obliged to return a $500 down payment on a $2,500 project. He calculated that his average monthly income before the wreck was about $2,000, while his annual earnings in 1990 after the accident were between $2,000 and $4,000 and even less the following year. By the time of trial on May 7, 1992, he had only made around $800 for the year.

Dr. Cowling estimated that the appellee worked for him, as required, for a weekly average of $400 "or maybe a little better than that." Mrs. Davis testified that her husband brought home between $300 and $400 a week before the accident, but that after the wreck he made only $4,000 in 1990 and $2,000 in 1991.

As appellee Davis suggests, the cases cited by the appellants on this point are in fact supportive of the sufficiency of his proof. In *Swenson* v. *Hampton, supra,* a retired army officer sought to prove lost earnings after being injured in an accident. The court rejected his proof as insufficient and noted that the colonel "made no showing of his earnings in the military service, his earnings in any civilian pursuit, or his training or fitness for any particular occupation. No other witness, such as an employment counselor, was called to testify." 244 Ark. at 106, 424 S.W.2d at 167. In *Check* v. *Meredith, supra,* we emphasized the failure of the plaintiff to provide proof of missing "even a day's work for some fourteen months immediately preceding the trial. No witness testified that it was either probable or possible that she would be unable to continue working regularly. Hence, the jury had no basis, except pure guesswork, for estimating earnings reasonably certain to be lost in the future." 243 Ark. at 500, 420 S.W.2d at 867. The absence of proof in those two cases is much more severe than what is at issue in the case before us.

██ We have acknowledged that in some instances involving loss of future earnings, damages cannot be proved with exactness. In those cases, we will not reverse if the cause and existence of damages have been shown despite the plaintiff's inability to prove *precisely* what he has lost. *Shelton* v. *Shelton,* 296 Ark. 212, 752 S.W.2d 758 (1988); *Wasp Oil, Inc.* v. *Arkansas Oil & Gas, Inc.,* 280 Ark. 420, 658 S.W.2d 397 (1983).

We conclude that the testimony concerning damages was reasonably certain in this case.

## II. MEDICAL BILLS

The appellants charge that the trial court erred in admitting as a package all of appellee Davis's medical bills, which totalled $775. Some of these bills, the appellants point out, were for electrocardiograms; yet there was no medical testimony that the accident occasioned any heart problems. Two of the bills reflected services performed a year-and-a-half after the accident. Thus, say the appellants, the appellee failed to sustain his burden of proving both the reasonableness and necessity of these medical expenses as required by *Bell* v. *Stafford*, 284 Ark. 196, 680 S.W.2d 700 (1984).

This court noted in both *Bell* v. *Stafford*, *supra*, and *Shelter Mutual Ins. Co.* v. *Tucker*, 295 Ark. 260, 748 S.W.2d 136 (1988), that in some cases the testimony of the injured party alone, apart from expert medical testimony, can provide a sufficient foundation for the introduction of medical expenses incurred.

Unlike the situation in *Bell* v. *Stafford*, where the plaintiff suffered a neck injury and more than a year later entered a hospital for an examination of her gastrointestinal tract, in the present case appellee Davis testified to chest pains which his treating physician said had been aggravated by the injury. We cannot say that an electrocardiogram was unreasonable under these circumstances. *Cf. National Bank of Commerce* v. *McNeill Trucking Co.*, 309 Ark. 80, 828 S.W.2d 584 (1992). The complaints were consistent over a period of time. We believe that the reasonableness and necessity of the medical expenses was a question of fact for the jury to resolve. *Roy* v. *Atkins*, 276 Ark. 586, 637 S.W.2d 598 (1982). There was no error by the trial court in this instance.

## III. DAMAGES

The appellants take issue with three components of appellee Davis's evidence of damages: (1) medical bills, pain and suffering, and permanency of injuries; (2) property damages; (3) loss of earnings and present value of any loss of ability to earn in the future.

We have already addressed items (1) and (3). As for property damages, the appellants note that appellee Davis was driving a 1974 truck which he acquired in 1981 by doing $6,000 worth of work. The appellee, insist the appellants, failed to establish the 15-year-old vehicle's current value. A general verdict was rendered, and the jury may or may not have included property damages in the award of $175,000. Since we cannot be certain that the jury included property damages in its verdict, we will not assume that such an award was made. *See Jefferson Hospital Ass'n* v. *Garrett*, 304 Ark. 679, 804 S.W.2d 711 (1991).

The appellants finally contend that the jury's damage award was made under the influence of passion or prejudice. They abandon their main premise for this argument — the injection of race into the trial — in their Reply Brief. We require more than the bald assertion that a verdict is the result of passion and prejudice to reverse. Further, in reviewing the proof most favorably to the appellee, as we are required to do, we cannot say that the verdict demonstrates passion or prejudice on the part of the jury or shocks the conscience of this court. *Warhurst* v. *White*, 310 Ark. 546, 838 S.W.2d 350 (1992).

### IV. MOTION FOR NEW TRIAL

Lastly, the appellants urge that the trial court abused its discretion in refusing to grant a new trial. The trial court, however, is not to substitute its view of the evidence for that of the jury unless the verdict is found to be clearly against the preponderance of the evidence. *Ray* v. *Green*, 310 Ark. 571, 839 S.W.2d 515 (1992). When the trial court denies a motion for a new trial, the test is whether the verdict is supported by substantial evidence, giving the verdict the benefit of all reasonable inferences permissible under the proof. *Scott* v. *McClain*, 296 Ark. 527, 758 S.W.2d 409 (1988).

This case is a classic example of the parties' swearing to different renditions of what happened, and the evidence presented was not easily reconciled. The matter came down to the jury's having to accept one version of the events or the other. It is well within the jury's province to believe or to disbelieve the testimony of any witness. *Hodges* v. *Jet Asphalt & Rock Co.*, 305 Ark. 466, 808 S.W.2d 775 (1991). We cannot say that the verdict was clearly against the preponderance of the evidence.

Affirmed.