## Candis YOUNG  v.  Maria BARBERA

CA 04-1093                                             211 S.W.3d 29

Court of Appeals of Arkansas
Opinion delivered June 22, 2005

*Oscar Stilley*, for appellant.

No response.

LARRY D. VAUGHT, Judge.  Candis Young appeals the decision of the trial court — following the entry of a default judgment in her favor — awarding her only $4500 for past medical services after it determined that her medical bills for chiropractic care were excessive. We affirm.

Young filed a complaint alleging that she was physically attacked by Maria Barbera on October 29, 2002. Young asked the court to award her $35,000 in compensatory damages plus $15,000 in punitive damages. Young accused Barbera of assaulting her by punching and scratching her in the face, pulling fistfuls of hair out of her head, and violently jerking her head up and down and side to side while sitting on top of her. Because Barbera was larger in size, it took Young some time to escape. However, once she did, she promptly reported the incident to the police and sought medical attention from Dr. Philip Roberts, a chiropractor, the day after the incident. Young stated that she did not seek emergency-medical attention, nor did she consult a medical doctor. Dr. Roberts treated her for nine months, and his charges totaled $7135. Young testified that when she began seeing Dr. Roberts, she went three times a week. Young stated that after a couple of months, the visits were reduced to twice a week, then once a week, then once every other week, and so on until she was released.

Barbera filed an untimely pro se answer to Young's complaint. The court granted default judgment in favor of Young and held a hearing to determine her damages. Following that hearing,

the court issued a final judgment awarding Young $4500 for medical costs, $2500 for pain and suffering, and $1000 in punitive damages. The court also awarded Young the costs associated with the lawsuit. The court found that the actual medical bills of $7135 were excessive — specifically in light of the fact that no expert witness was called at the hearing to testify regarding Young's medical needs — and declined to award her the full amount that she requested.[1]

In civil cases where the trial judge, rather than a jury, sits as the trier of fact, the correct standard of review on appeal is not whether there is any substantial evidence to support the finding of the court, but whether the judge's findings were clearly erroneous or clearly against the preponderance of the evidence. *Schueck v. Burris*, 330 Ark. 780, 957 S.W.2d 702 (1997). The trial judge, as fact-finder, is the sole evaluator of credibility and is free to believe or disbelieve the testimony of any witness. *Id.* at 786, 957 S.W.2d at 705.

The mere fact that a plaintiff has incurred medical expenses and the defendant has admitted liability does not automatically translate into a damage award equivalent to those expenses. *Depew v. Jackson*, 330 Ark. 733, 957 S.W.2d 177 (1997). A party seeking medical damages has the burden of proving the reasonableness and necessity for that party's medical expenses. *Avery v. Ward*, 326 Ark. 829, 934 S.W.2d 516 (1996). Whether the medical expenses were reasonable and necessary is a question of fact for the trier of fact. *Blissett v. Frisby*, 249 Ark. 235, 458 S.W.2d 735 (1970). While not controlling, evidence of expense incurred in good faith is some evidence that the charges were reasonable. *Id.* at 246, 458 S.W.2d at 742. However, evidence of expense incurred alone is not sufficient to show that medical-service charges were causally necessary. "Necessary" means causally related to the tortfeasor's negligence. *Ponder v. Cartmell*, 301 Ark. 409, 784 S.W.2d 758 (1990).

---

[1] Young filed a motion to amend the judgment pursuant to Rule 52(b) of the Arkansas Rules of Civil Procedure a few days after the judgment was entered and attached an affidavit from Dr. Roberts regarding the necessity of Young's chiropractic treatment. The trial judge entered an order denying the motion because the court could not consider evidence not submitted at trial.

■ Expert medical testimony is not essential in every case to prove the reasonableness and necessity of medical expenses. *Bell v. Stafford*, 284 Ark. 196, 680 S.W.2d 700 (1984). The testimony of the injured party alone, in some cases, can provide a sufficient foundation for the introduction of medical expenses incurred. *Id.* at 199, 680 S.W.2d at 702; *see also* Ark. Code Ann. § 16-46-107 (Repl. 1999). In *Bell*, our supreme court gave the following example:

> if a litigant suffered a specific injury in an accident and was immediately taken to a hospital emergency room for treatment of only that specific injury the injured party's testimony would be sufficient to establish the necessity of the medical expense as a result of the accident. However, expert testimony would normally be required to prove the necessity of the expense when, as here, expenses for hospital tests were incurred many months after the accident, none of the physicians in attendance immediately after the accident referred the litigant either to the admitting doctor or to the hospital, and the expenses on their face do not appear to be related to the accident.

*Bell*, 284 Ark. at 199, 680 S.W.2d at 702–03.

Young relies on a statement in *Ponder v. Cartmell*, 301 Ark. 409, 784 S.W.2d 758 (1990), to support her argument that the trial court should not have been allowed to reduce her damages for medical treatment. In *Ponder*, our supreme court stated that "[i]f a plaintiff proves that her need to seek medical care was precipitated by the tortfeasor's negligence, then the expenses for the care she receives, whether or not the care is medically necessary, are recoverable."[2] 301 Ark. at 412, 784 S.W.2d at 761. However, *Ponder* is clearly distinguishable from the present case. In *Ponder*, the court was ruling on issues of admissibility — whether the

---

[2] Taken on its face, such a statement could be interpreted to mean that once a plaintiff shows she was injured by a tortfeasor and sought medical attention, the tortfeasor is responsible for all medical bills regardless of the reasonableness and necessity of those charges.

In our view, although the statement establishes that all such medical costs are recoverable, it does not definitively conclude that the fact-finder is required to award that amount as damages. If it did indeed establish such precedent, then there would be no purpose in holding a hearing on damages once liability had been established. Rather, plaintiffs would be awarded whatever amount of compensatory damages prayed for and there would be no requirement that a jury deliberate on the amount.

defendant in the case should have been allowed to introduce expert testimony that plaintiff's doctor had misdiagnosed the plaintiff and conducted an unnecessary surgery. Both the plaintiff and defendant in *Ponder* presented testimony of expert witnesses at trial, and the definitive issue was not whether the plaintiff had met her burden of proving her medical bills were reasonable and necessary to the trier of fact, but whether the defendant's doctor could second guess the plaintiff's doctor regarding treatment. On appeal, the plaintiff in *Ponder* was not arguing that the amount of damages awarded was insufficient because she had proven she was entitled to more, but rather, that the amount awarded was insufficient because the court had improperly admitted testimony affecting the necessity of a specific course of treatment.

In the present case, the trial court did not deny the admissibility of Young's medical damages — to the contrary, the judge allowed Young to testify regarding her medical treatment and submit her chiropractic bills into evidence. The issue in our case involves the province of the fact-finder to weigh the evidence and ascertain whether Young sustained her burden of proving damages, and we must decide whether the trial judge clearly erred in determining that Young was not entitled to the all the medical damages she sought.

Here, the trial judge was charged with weighing the evidence presented by Young. He was in the best position to observe Young, hear her testimony, and evaluate her credibility. In its order awarding damages, the court specifically found that Young's medical bills were excessive in light of the fact that she presented no expert witness to testify regarding what was medically required to treat her injuries. It was Young's burden to prove that her compensatory damages were reasonable and necessary, and the only evidence she presented was her own self-serving testimony and an invoice from her chiropractor in the amount of $7135. She admitted at trial that she did not seek emergency-medical attention after the assault and, in fact, never sought the care of a medical doctor. Additionally, based on the invoice of Dr. Roberts's charges that Young submitted, she visited the chiropractor at least once every five days for three months after the incident — excluding the week of Christmas, when the time between visits was extended to seven days. In the following months, she saw Dr. Roberts four times in February, four times in March, three times in April, three times in May, twice in June, and a final visit in July.

Based on the evidence presented at trial, the judge's finding that the chiropractor's bill was excessive without some expert testimony that the treatment was medically necessary and reasonable in light of Young's injuries and his subsequent damage award were not clearly erroneous, and we affirm.

Affirmed.

PITTMAN, C.J., GLADWIN, and GLOVER, JJ., agree.

BIRD and BAKER, JJ., dissent.

KAREN R. BAKER, Judge, dissenting. This appeal arises from the trial court's award of damages following the entry of a default judgment. The trial court entered a judgment of $4500 in medical expenses although the testimony and verified complaint set the amount at $7135. The defendant was present at neither the default hearing nor the hearing on damages. The majority affirms, holding that it was within the trial court's discretion to enter judgment for the lesser amount. Appellant argues that Arkansas law does not permit the trial court to reduce medical expenditures incurred as a result of the tortfeasor's action for services actually rendered by a competent medical provider. Appellant is correct.

The record contains no evidence upon which the judge could have based a reduction of damages or a finding that the medical expenses incurred were not related to the tortfeasor's negligence. A plaintiff who seeks to recover medical expenses must prove that the expenses were reasonable and necessary, *Ponder v. Cartmell*, 301 Ark. 409, 784 S.W.2d 758 (1990); Howard W. Brill, *Arkansas Law of Damages* § 29-1 (4th ed. 2002), and whether the medical expenses were reasonable and necessary is a question of fact for the trier of fact. *See Davis v. Davis*, 313 Ark. 549, 856 S.W.2d 284 (1993). None-the-less, there is a distinction between proof of reasonableness and proof of necessity. "Necessary" means causally related to the tortfeasor's negligence. *Ponder v. Cartmell*, *supra*. If a plaintiff proves that her need to seek medical care was precipitated by the tortfeasor's negligence, then the expenses for the care she received, whether or not the care was medically necessary, are recoverable. *Id.* Expert medical testimony is not essential in every case to prove the reasonableness and necessity of medical expenses; in some cases, the testimony of the injured party alone can provide a sufficient foundation for the introduction of medical expenses incurred. *Id.*

In this case, the issue of negligence was decided by default judgment. The defendant, now appellee, did not appear at the trial on damages, and the medical expenses presented were undisputed. There was no evidence that the medical expenses were incurred for a condition other than the tortfeasor's negligence. An award of damages cannot be made on the basis of speculation. *Duncan v. Foster,* 271 Ark. 591, 609 S.W.2d 62 (1980). Because there was no evidence disputing the tortfeasor's negligence, nor the causal relationship of the negligence to the injury, nor the validity of the invoice of services for treatment, the reduction by the trial judge was based purely on speculation. The majority does not attempt to explain how the $4500 amount for medical expenses was derived because no explanation is possible based on the evidence in the case.

The majority attempts to distinguish *Ponder* by saying that *Ponder* was reversed because the trial court Ahad improperly admitted testimony affecting the necessity of a specific course of treatment," but in this case "the judge allowed Young to testify regarding her medical treatment and submit her chiropractic bills into evidence." The majority justifies the trial court's reduction of damages stating that Athe court specifically found that Young's medical bills were excessive in light of the fact that she presented no expert witness to testify regarding what was medically required to treat her injuries."

The majority's reasoning directly contradicts our supreme court's admonition that "[i]f a plaintiff proves that her need to seek medical care was precipitated by the tortfeasor's negligence, then the expenses for the care she receives, whether or not the care is medically necessary, are recoverable." *Ponder,* 301 Ark. at 412, 784 S.W. 2d at 761; (citing *O'Quinn v. Alston,* 213 Ala. 346, 104 So. 653 (1925) (where treating surgeon amputated finger, it was error to ask defense expert whether amputation was necessary); *Whitaker v. Kruse,* 495 N.E.2d 223 (Ind. App. 1986) (plaintiff may recover expenses of unnecessary surgery)).

Given our supreme court's specific directive that it is error to allow testimony challenging the medical necessity of the treatment, I cannot understand the majority's declaration that the reduction is justified because appellant failed to prove that the treatment was medically necessary to treat her injuries. The majority's position is that *Ponder* only prohibits the introduction of evidence to support a reduction in damages, but does not specifi-

cally prevent the judge from reducing damages in the absence of any evidence to support such a reduction.

I am at a similar loss to understand the majority's footnoted explanation that our supreme court's statement that expenses for medical care received, whether or not the care is medically necessary, are recoverable "does not definitively conclude that the fact-finder is required to award that amount as damages once liability has been established." The majority concludes that to accept that premise would do away with a requirement for a hearing on damages and require a court to award "whatever amount of compensatory damages prayed for and there would be no requirement that a jury deliberate on the amount."

Contrary to the majority's conclusion, although liability was established by default, nothing prevented appellee from contesting appellant's proof of damages. In Arkansas, a default judgment establishes liability but not the extent of damages. *Byrd v. Dark,* 322 Ark. 640, 911 S.W.2d 572 (1995); *Divelbliss v. Suchor,* 311 Ark. 8, 841 S.W.2d 600 (1992). Our supreme court has emphasized that in Arkansas, unlike some jurisdictions, a hearing is required after default to establish damages, and the plaintiff must introduce evidence to support damages. *See Volunteer Transp., Inc. v. House,* 357 Ark. 95, 162 S.W.3d 456 (2004) (reversing and remanding default-judgment case, where there was no testimony specifically regarding the medical bills or the summary, no proof that each expense was necessary or related to the accident with Volunteer Transport, and record was silent as to how the trial court arrived at the damage amounts); *see also Henry & Aclin Ford v. Landreth,* 254 Ark. 483, 494 S.W.2d 114 (1973) (holding that trial court erred in permitting appellee to present her medical bills "in a bundle" without proper authentication where she suffered an injury unrelated to the one upon which the claim was made, and it was appellee's burden to show that each of these bills was necessary as a result of the automobile accident rather than from the gunshot wound or any other cause or illness).

Although the appellee could have challenged appellant's proof of damages, she chose not to do so. In this case, there is no evidence of any other wound, cause, or illness present from which the trial court could determine the medical bills were incurred for a cause other than the tortfeasance of appellee. The majority specifically affirms the trial court's reduction based on appellant's failure to present an expert witness to testify that the treatment "was medically required to treat her injuries." That basis for

reduction directly contradicts the law as stated in *Ponder*. The trial court clearly credited appellant's testimony and acknowledged the authenticity of the documentation of medical expenses that it received into evidence. Therefore, the judgment should be reversed.

I respectfully dissent.

BIRD, J., joins.